# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VICTOR KEITH JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>Warden MCLAUGHLIN, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:15-cv-00469-TES-MSH |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In his complaint, Plaintiff alleges that, while he was incarcerated at Macon State Prison ("MSP") in Oglethorpe, Georgia, he was attacked by another inmate while being escorted to his cell by Defendants Stevenson and Raines, both MSP corrections officers. [Doc. 1, p. 5]. Specifically, Plaintiff claims that he heard the door to the other inmate's cell being electronically opened, despite the prison's policy of having the Disciplinary Segregation Unit's cell doors locked at all times. [*Id.*]. When the cell door swung open, the other inmate "rushed out" and stabbed Plaintiff several times with a "thick sharpened screw-type weapon [about] ten to 12 inches long." [*Id.*]. Plaintiff was handcuffed and attempted to defend himself to no avail. [*Id.*]. He claims that Defendants Stevenson and Raines stood by and watched him being attacked and did not use pepper spray or any other means to stop the attack. [*Id.*]. Defendants Stevenson and Raines allegedly watched the events unfold for two-and-a-half to three minutes before calling for assistance. [*Id.*].

The Court construed these allegations to state a claim against Defendants Stevenson and Raines for failure to intervene in violation of the Eighth Amendment. [Docs. 10, 15].

An officer who "fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence" is directly liable for an Eighth Amendment violation. *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986). A plaintiff asserting a claim for failure to intervene must show that the officer "was physically able and had a realistic chance to intervene and act in time to protect the inmate [p]laintiff." *Seals v. Marcus*, No. 1:11-CV-99, 2013 WL 656873, at *8 (M.D. Ga. Jan. 25, 2013). But where the officer shows that he "responded reasonably to the risk [of harm], even if the harm ultimately was not averted," he is entitled to summary judgment. *Staley v. Owens*, 367 F. App'x 102, 107 (11th Cir. 2010) (per curiam) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)).

Defendants Stevenson and Raines moved for summary judgment, refuting Plaintiff's recitation of the facts and arguing that they acted reasonably under the circumstances. [Doc. 34]. The United States Magistrate Judge reviewed the motion and found that Defendants Stevenson and Raines committed no Eighth Amendment violation. [Doc. 37]. The Magistrate Judge based his findings on Defendants' version of the facts, which were not controverted by Plaintiff. *See* LR 56, MDGa. Under that version of the facts, Defendants Stevenson and Raines radioed for assistance quickly, stood between Plaintiff and the other inmate, ordered the other inmate to stop, tried to separate

2

the inmates, and "tried, as best they could, to put themselves in positions to protect [Plaintiff] without getting hurt themselves," but the other inmate was able to stab Plaintiff five times. [Doc. 34-1, p. 2]. Defendant Stevenson was eventually able to restrain the other inmate to end the attack. [*Id.* at p. 3]. According to Defendants Stevenson and Raines, the entire incident lasted less than one minute. [*Id.*]. The Magistrate Judge concluded that these facts establish that Defendants Stevenson and Raines acted reasonably under the circumstances, despite the unfortunate fact that Plaintiff ended up being stabbed five times. Plaintiff filed no objection to the Magistrate Judge's recommendation.

Upon thorough review of Defendants Stevenson and Raines' motion, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 37] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, Defendants Stevenson and Raines' Motion for Summary Judgment [Doc. 34] is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants.[1]

**SO ORDERED**, this 29th day of March, 2019.

<u>s/Tilman E. Self, III</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**

---

[1] The Court previously dismissed the claims against the other Defendants in this action. *See* [Doc. 15].